MALLORY *vs.* AUSTIN.

When a plank road company has erected its toll gates within the distances author-ized by law, and has fixed the rates of toll at the several gates at an amount not exceeding the legal rates for the entire distance, and for the distances be-tween the several gates, it may lawfully exact the full toll thus fixed, at a par-ticular gate; notwithstanding the traveller may not have travelled upon the road a distance which, at the established rate per mile actually travelled, would amount to such toll.

THIS was an appeal by the plaintiff, Mallory, from a judgment of the county court of Oneida county, reversing the judgment of a justice of the peace.   The defendant was the keeper of a gate on the Northern Plank Road, which commences at Deerfield corners, in Oneida county and extends north to the town of Boonville, a distance of twenty-one miles.   There were three gates on this road, and the toll at each gate, prescribed by the board of directors, was ten cents for a vehicle drawn by two animals.   The gate kept by the defendant was two miles north of the southern extremity of the road, and one mile one quarter and one chain south of the point where the cross road on which the plaintiff resided meets the plank road. It also appeared that the directors had authorized the defendant to allow all persons coming upon the plank road, through the above mentioned cross road, and travelling towards Utica, to

---
· Mallory v. Austin.
---

pass the gate by paying six cents toll. On the 17th day of May, 1849 the plaintiff passed the gate, travelling southward, and the gate keeper exacted and received of him the sum of six cents for toll, notwithstanding the plaintiff proved to him that he had only travelled on the road one mile one quarter and one chain. Upon this state of facts the appellant brought an action before a justice to recover the penalty for receiving a greater sum for toll than the law authorized, under the provision in the revised statutes adopted and applied to plank roads, by the act of 1847 amending the general plank road act. (*Laws of 1847, p.* 352.) The decision of the justice was in favor of the plaintiff, and the county court reversed the judgment; and this appeal was brought to review that decision.

*T. E. Clarke,* for the appellant.

*Ward Hunt,* for the respondent.

*By the Court,* GRIDLEY J. By the 35th section of the general plank road act (*Laws of* 1847, *p.* 226) the Northern Plank Road Company was authorized " to erect one or more toll gates upon their road, but not within three miles of each other, and to demand and receive toll, not exceeding one and a half cents per mile for any vehicle drawn by two animals," &c. Under this act, the appellant insists that the company can not receive, in any case, over a cent and a half per mile for the distance actually travelled upon the road, without incurring the penalty prescribed by law for exacting excessive tolls. On the other hand, the respondent contends that when the company have erected their gates within the distances authorized by the law, and have fixed the rates of toll at the several gates, so as not to exceed the legal rates for the entire distance and for the distances between the several gates, they may lawfully exact the full toll thus fixed, at a particular gate, notwithstanding the traveller may not have travelled upon the road a distance which, at the rate of a cent and a half per mile actually travelled, would amount to such toll.

Mallory *v.* Austin.

This proposition, we are constrained to say, has been established by an adjudication of the supreme court, in a case, which in principle can not be distinguished from this. In the case of *Stewart* v. *Rich,* (1 *Caines,* 182,) a construction was given to a clause contained in the eleventh section of the Cherry Valley Turnpike act, by which the company was authorized to receive the tolls and duties "in the act mentioned," and no more, that is to say, for *any number of miles not less than ten in length of said road,* the following sums of money, *and so in proportion for any greater or lesser distance,* viz." &c. Recoveries had been had against a toll gatherer, for receiving full toll of persons who had not travelled ten miles on the road. The question before the court was, whether a deduction should not have been made, from the full toll, in proportion to the distance which the traveller had used the road. It was held that no such deduction need be made, but that full toll might lawfully be collected at each gate, irrespective of the distance which the traveller had used the road. "This construction" says Kent, Justice, in delivering the opinion of the court, "is the only one that is reasonable, and it will satisfy the words. The idea that the company must vary the toll at any ten mile gate, on the suggestion that a person has used the road for a less distance than ten miles, is inadmissible because impracticable. The toll gatherer has no means of knowing whether the traveller had rode ten miles or a less distance previous to his arrival at the gate. If this suggestion was allowed to be a ground of reduction of toll, it would open a door to the greatest imposition and fraud upon the company."

Again, in *The People* v. *The Kingston & Middletown Turnpike Co.* (23 *Wend.* 193) the same doctrine is reiterated, and the principle of the case in Caines reaffirmed. The prevailing opinion of the court was delivered by Ch. J. Nelson. His language is very explicit. He says, "it was also said that the demurrer to the five last replications was mainly intended to raise and settle the construction of the act whether the rate of toll shall be in proportion to the *distance actually travelled,* or shall be determined by the *distance between the gates,* as located. The lat-

Mallory *v.* Austin.

ter I am of opinion is clearly the rule intended by the act. (*Laws of* 1831, *p.* 49, § 5.)  By the section referred to, the company may erect the gates at such places as they see fit; but they can demand only ' *the following rates of toll for every ten miles, and in the same proportion for a shorter distance*,' &c. This clause refers to the distance between the gates.  If that be five miles, the company may demand half toll; if it be two and a half miles, they may demand a quarter toll, and so in proportion."  Judge Cowen dissented from a majority of the court in this case, in the general result, but on this particular point he agreed with his brethren.  Speaking of the construction claimed by the appellant's counsel as the true one, he says, " such a construction would leave every traveller to estimate his own toll, and make it utterly impracticable for the toll gatherer to perform his duty.  It would lay him open to constant imposition."  No rule, practicable in its application, can be laid down, by which any traveller can be charged with the exact amount of toll which would be due from him in proportion to the distance actually travelled.  In some cases, where the traveller and the place of his residence are known to the toll gatherer, he may judge, with a good degree of probable accuracy, how far the individual has travelled on the road; but in a great majority of cases it would be a mere matter of conjecture; and in no case could he know how far the traveller was intending to travel on the road, short of its actual termination.  It will be readily seen that in some cases the traveller will be obliged to pay more than his fair proportion of toll for the distance travelled; while in other cases a traveller may pass over nineteen miles of the road by paying the toll for ten miles, and may also travel any distance between two gates, without paying any toll at all.  It was the custom of the old turnpike companies, by equitable arrangements for commutation, and by prescribing reasonably low rates to be charged to those who were known to reside within a moderate distance from their gates, to avoid, as far as was practicable, the injustice of exacting full toll of those who had travelled but a short distance on the road.  It is to be hoped

Mallory *v.* Austin.

that the plank road companies will adopt a regulation recommended alike by reason and justice.

As to the particular question involved in this appeal we might stop here, and repose ourselves on the authority of the cases we have cited; for the language of the enactments to which a construction was given in those cases was far more favorable to the interpretation insisted on by the appellants' counsel than is the language of the act under consideration. But the legislature has given a construction to the provision in question entirely incompatible with that claimed by the counsel. By the second section of the act "in relation to plank roads and turnpike roads," (*Laws of* 1849, *p.* 374, § 2, *sub.* 5,) it is provided that "persons living within one mile of any gate shall be permitted to pass the same at one half the usual rates of toll," subject to some exceptions mentioned in the act. Now it seems very clear that this must mean one half the amount of toll fixed as the toll to be received at the particular gate. It could not mean one half of the pro rata toll at a cent and a half per mile. That would be three fourths of a cent for one mile, and still more minute fractions of a cent for a less distance.

The counsel for the appellant put some cases of flagrant injustice that might occur under the law, upon the construction which we feel bound to adopt; as for instance, the location of but a single gate on the road, and that near the city of Utica, and an exaction of the toll for the entire route. We do not think such a case likely to occur; but if it should, we know of no remedy for that, and other like cases of injustice, but an application for the removal of the gate; or such an amendment of the act regulating plank roads, as may reach the evil complained of.

The judgment of the county court must be affirmed, with costs.