## KENYON *vs.* SEELEY.

A toll gatherer, at a gate upon a plank road, has a right to demand toll in advance, for the distance which a person is to travel, after passing such gate, before reaching the next gate.

THIS was an appeal by the plaintiff from a judgment of the Monroe county court. The action was commenced before a justice of the peace to recover a penalty of the defendant for taking excessive toll. (*See* 1 *R. S.* 3*d ed.* 719, §§ 50, (51 ;) *Laws of* 1847, *p.* 231, § 47 ; *Id. p.* 352, *ch.* 287.) The facts, as agreed upon by the counsel for the parties, were briefly these : The defendant was a toll gatherer on the Rochester and Greece plank road, at their west gate. The road is less than five miles in length, and is laid out over a traveled road. There are two toll gates on said road, at a distance of three miles from each other. The plaintiff came from the west terminus of the road, to the west gate, in a vehicle drawn by two horses, and the toll gatherer compelled him to pay six cents. The justice rendered a judg-

ment for the defendant, for costs of suit, and the county court affirmed the judgment.

*C. H. Clark*, for the appellant.

*Farrar & Chumasero*, for the respondent.

*By the Court*, JOHNSON, J.   The action was tried before the justice upon a state of facts agreed upon by the parties.   The stipulation does not show that the defendant as toll gatherer demanded or received any thing more, than the legal rate of toll, for the distance the plaintiff had already traveled, and expected to travel, and did in fact afterward travel upon the plank road. The only question raised by the facts agreed upon, is whether a toll gatherer at a gate has the right to exact toll of a traveler before permitting him to pass, for any distance beyond the gate in the direction such traveler is journeying.

It is clear that the toll gatherer must necessarily have this right in cases where there is but a single gate.   Any other rule would impose, upon a bridge company for instance, or a plank road company having a short road, the burthen of keeping up two gates, or else permitting travelers in all cases to travel one way free of charge.   I do not perceive that the fact of the company having two gates affects the principle, provided the toll gatherer at the first gate takes toll only to the second gate, and the gate keeper at such second gate exacts nothing for the distance between the two gates, over which the traveler has passed. The right to exact toll in advance cannot, I apprehend, be reasonably questioned.   The case agreed upon only shows that the plank road company, whose gate keeper the defendant was, had two gates upon their road, one at or near the eastern terminus and the other about a mile and a half from the western.   The plaintiff came upon the road at the western terminus, and the defendant exacted toll from thence to the eastern gate, which the plaintiff paid.   There is nothing in the case to show that the plaintiff did not at the time expect to travel over the road to the eastern gate; nor that he did not in fact travel that distance; nor

that any toll was exacted at the eastern gate. We are not to assume that the plaintiff made any pretense to the defendant, that he was not expecting to travel the distance for which toll was exacted and paid; nor that he did not in fact travel it; in the absence of all proof or concession of the fact. The question is not, therefore, whether any wrong has been done in fact, but whether the defendant had the right to take toll in advance for the distance it was expected and admitted the plaintiff was to travel after passing the gate. The right to exact toll from gate to gate, and for the whole distance where a road is partly finished and but one gate erected, is well settled. (*Curten v. Sloan,* decided at general term in this district September, 1851. *Mallory* v. *Austin,* 7 *Barb.* 626. *Stewart* v. *Rich,* 1 *Caines,* 132. *The People* v. *The Kingston and Middletown Turnpike Co.,* 23 *Wend.* 193.) That it may in all cases be rightfully exacted in advance, seems to me to follow from the necessity of the case.

Judgment of the county court affirmed.

[MONROE GENERAL TERM, March 7, 1853. *Selden, T. R. Strong* and *Johnson,* Justices.]